IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY LIONELL MITCHELL,

    Petitioner,                    No. 2:08-cv-1855 GEB JFM (HC)

    vs.

MR. IVES, WARDEN,            ORDER AND

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because Congress has given jurisdiction over these petitions to different courts. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court.

1

Hernandez, 204 F.3d at 865.  Jurisdiction is proper for a petition under § 2255 in the United States District Court for the Central District of California.  However, petitioner is confined in this district, so venue exists in this district for a petition properly brought under § 2241.

With the exception noted below, a prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988).  He may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); Tripati, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion).

The exception to this general bar is that a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'"  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255 ).  The Ninth Circuit has recognized that the "inadequate or ineffective" exception is very narrow.  Pirro, 104 F.3d at 299.  For example, the remedy under § 2255 is not considered inadequate or ineffective even when a successive § 2255 motion could not be entertained by the sentencing court.  See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available under the inadequate-or- ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not render federal habeas relief under § 2255 an inadequate or effective remedy).

/////

/////

In the petition, petitioner stated he filed a petition under § 2255 in the Central District of California which was denied on April 4, 2007. (Case No. 06cv8292.)[1] Petitioner also stated he filed a motion under § 2255 in the Ninth Circuit Court of Appeals, which was denied on March 6, 2008. (Case No. 07-55967.)[2]

Because petitioner has filed a § 2255 petition, if he tries to file another § 2255 motion there, it will be dismissed as successive under 28 U.S.C. § 2244(b) unless he first obtains permission to file a successive motion from the United States Court of Appeals for the Ninth Circuit. See 28 U.S.C. § 2244(b)(3)(A). However, that fact does not make federal habeas relief under § 2255 either ineffective or inadequate. See Lorentsen, 223 F.3d at 953. Because a § 2241 remedy is not available under the savings clause of § 2255, this petition must be treated as filed under § 2255, and this court lacks jurisdiction over it. See 28 U.S.C. § 2255 (§ 2255 motions to be brought in sentencing court); Hernandez, 204 F.3d at 865.

Given that jurisdiction is lacking here, the court must consider whether a transfer to the United States District Court for the Central District of California is appropriate. Petitioner has informed the court that his motion filed in the United States Court of Appeals for the Ninth Circuit was denied; indeed, review of that court's docket reflects that petitioner's request for certificate of appealability was denied on March 6, 2008. (Case No. 07-55967.) If petitioner wishes to pursue claims attacking his conviction he will have to obtain permission from the Ninth Circuit in order to file another § 2255 motion in the Central District of California. See 28 U.S.C. § 2255 (second or successive § 2255 motion must be certified by panel of Court of

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Petitioner's initial appeal was filed in the Ninth Circuit Court of Appeals on August 31, 1999, and his convictions were affirmed, but the sentence was vacated and remanded for an order of restitution, and for determination of whether the evidence supported enhancements for taking money belonging to a financial institution and for obstruction of justice. The sentence was affirmed in all other respects. (Case No. 99-50552, cert. denied, May 20, 2002 (U.S. Supreme Court Case No. 01-9575).)

1  Appeals as provided in § 2244).  A transfer of this petition to the United States District Court for
2  the Central District of California without such permission would be futile.  Thus, the instant
3  petition must be dismissed without prejudice for lack of jurisdiction.
4         Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in
5  forma pauperis is granted; and
6         IT IS HEREBY RECOMMENDED that the petition be dismissed without
7  prejudice.
8         These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, plaintiff may file written
11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).
15 DATED:  August 28, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mitc1855.56

4